UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 05-23646 |
| | ) | |
| LELIA N. MORTON, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

## MEMORANDUM OF OPINION

On October 26, 2005, debtor filed a motion requesting an order to show cause upon creditor Rent-A-Center and its representative Eric Lamb. On December 23, 2005, the Court issued an order upon Rent-A-Center and Lamb to appear on January 19, 2006, and show cause why they should not be held in civil contempt and/or held liable for damages for violating the automatic stay. The order was served on both Rent-A-Center and Lamb at 14930 St. Clair Ave, Cleveland, OH 44110-3716, but neither Lamb nor any other representative of Rent-A-Center appeared at the show cause hearing. This Court took the matter under advisement and requested that debtor's counsel submit evidence of debtor's claimed damages. On February 22, 2006, debtor's counsel submitted an affidavit indicating damages in the form of attorney fees totaling $701.

Because this case was filed before October 17, 2005, former subsection 362(h) (now subsection (k) after the 2005 bankruptcy amendments) applies:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Under former subsection 362(h), the individual seeking damages has the burden of establishing by a preponderance of the evidence that (1) the actions taken were in violation of the automatic stay, (2) the violation was willful, and (3) the violation caused actual damages. *See Clayton v. King (In re Clayton)*, 235 B.R. 801, 806-07 & n.2 (Bankr. M.D.N.C. 1998); *see also In re Pawlowicz*, No. 03-36979, __ B.R. __, 2005 WL 3729394 (Bankr. N.D. Ohio Dec. 5, 2005); *Hampton v. Yam's Choice Plus Autos, Inc. (In re Hampton)*, 319 B.R. 163, 170-71 (Bankr. E.D. Ark. 2005).

Debtor submitted several affidavits and letters detailing the multiple incidents where Mr. Lamb made harassing phone calls and attempted to repossess collateral from the debtor's residence after being notified of the debtor's bankruptcy petition and the automatic stay. Lamb and Rent-A-Center have provided no rebuttal evidence. The Court finds that Lamb and Rent-A-Center willfully violated the automatic stay.

"An award of damages is mandatory under § 362(h) when a violation of the automatic stay is found to be 'willful.'" *In re Bivens*, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004); *see also In re Johnson,* 253 B.R. 857, 861 (Bankr. S.D. Ohio

2000). Costs and attorney fees are regularly awarded as actual damages from violations of the stay. Neither Lamb nor Rent-A-Center challenged the attorney fees affidavit submitted by debtor's counsel. The fees requested are reasonable. The Court renders judgment in favor of the debtor, Lelia N. Morton, and against Eric Lamb and Rent-A-Center, jointly and severally, in the amount of $701, pursuant to former subsection 362(h).

    IT IS SO ORDERED.

/s/ Arthur I. Harris
Arthur I. Harris
United States Bankruptcy Judge